FRANK E. WATSON, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watson v. Commissioner
Docket No. 1777-83.
United States Tax Court
T.C. Memo 1984-354; 1984 Tax Ct. Memo LEXIS 323; 48 T.C.M. (CCH) 492; T.C.M. (RIA) 84354; July 11, 1984. *323 Petitioner appearing pro se offered no evidence to substantiate disallowed deductions Held: petitioner failed to carry his burden of proof. Frank E. Watson, Sr., pro se. Mary Hamilton, for the respondent. WHITAKER
MEMORANDUM FINDINGS *324 OF FACT AND OPINION WHITAKER, Judge: Respondent determined deficiencies in petitioner's income tax for the years and in the amounts as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1979
$2,217.12
1980
$3,294.24
$164.71
Petitioner, appearing pro se, denied liability for the deficiencies and addition and seeks recovery of his costs. The deficiencies in general involve disallowance of a portion of deductions taken by petitioner in each of the years for travel expense, meals and lodging and the disallowance of a dependency exemption in 1980. For convenience, our Findings of Fact and Opinion are combined. Both during the audit of petitioner's tax returns and during the course of preparation for trial, petitioner refused to cooperate with respondent's employees or his counsel and refused to stipulate to any facts even with respect to documents which he admitted were genuine copies. Accordingly, the Findings of Fact are based on *325 petitioner's brief testimony at the trial. On the date of filing of the petition in this case, petitioner resided in Bangor, Maine. During the two years involved, petitioner worked as a construction engineer on various jobs at various locations for employers which included Augusta Iron Works, Cives Steel Company, Daniel Marr and Son Company and Sullivan and Merritt, Inc. Work locations included Nigeria, West Virginia at several locations and Seabrook, New Hampshire. Petitioner was reimbursed by one or more of his employers for some travel and living expenses. The statutory notice included in income the reimbursements and allowed deductions to the extent thereof. Additional deductions based on estimates for mileage, housing and food were disallowed for lack of substantiation. Petitioner testified that he had no records whatsoever to substantiate any of his deductions and objected strenuously to the stringent requirements for substantiation imposed by section 274 and the regulations thereunder. Petitioner bears the burden of proof with respect to the deficiencies. Rule 142. With respect to the travel and living expenses, petitioner's right to deductions depends in part on *326 a determination as to whether the employment was temporary or indefinite, as well as on compliance with the rules of section 274. In the absence of any documentation, it is impossible for us to allow petitioner any deduction for travel, meals and lodging, irrespective of whether petitioner otherwise might have incurred deductible expenses in these categories. During a part of the year 1980, petitioner took into his household an individual by the name of Masoud A. Moussani, who is unrelated to petitioner. Petitioner provided Mr. Moussani with room and board and some miscellaneous living expenses while he was attending the University of Maine as a day student. We do not know how long during the year 1980 this individual resided with petitioner. Under sections 151 and 152, in order to claim an unrelated individual such as Mr. Moussani as a dependent, the individual must have less than $1,000 of gross income for the calendar year, over one-half of the individual's support for the calendar year must have been furnished by the taxpayer and the individual must have been either a United States citizen or resident or national or a resident of a country contiguous to the United States. *327 Petitioner had no knowledge of the income of Mr. Moussani except that the United States supplied some part of his expenses. Again, petitioner bears the burden of proof on the claimed exemption for this individual as a dependent and he has failed to demonstrate compliance with the requirements of the Code. Petitioner also bears the burden of showing that the addition to tax under section 6653(a) should not be sustained. Even though petitioner's tax returns were prepared by a tax return preparer, petitioner is expected to know that he has an obligation for record keeping, especially with respect to out-of-town food and lodging expenses, and with respect to a dependency exemption for such a borderline situation as Mr. Moussani. With respect to petitioner's costs, this petition was filed subsequent to the effective date of section 7430. However, petitioner was not the prevailing party and he did not exhaust his administrative remedies within the Internal Revenue Service. Hence, petitioner is not entitled to an award of litigation costs. While it is not unlikely that petitioner is entitled to some deductions over and above those allowed by respondent in the statutory notice, *328 on this record we have no choice but to find for respondent with respect to the deficiencies and the addition to tax. [2]
Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that respondent's counsel offered to go over the facts with petitioner following the trial, and we advised petitioner that if he and respondent agreed to a reduced deficiency, we would receive a stipulation for that purpose after the case was sumbitted. We were advised by respondent in respondent's objection to petitioner's post-trial motion for further trial, which we have denied, that although respondent's counsel submitted settlement documents to petitioner after the trial, petitioner declined to respond to respondent's counsel. Petitioner's predicament is of his own making.↩